IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EDGAR BARCENAS, individually and on behalf of similarly situated individuals,** | § § § § | |
| **Plaintiff** | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **AMERICAN NATIONAL CONSTRUCTION INC., JEFFREY M. SHAW AND JACK SHAW** | § § § § § | |
| **Defendants.** | | |

## ORIGINAL COMPLAINT

Plaintiff Edgar Barcenas ("Plaintiff"), individually and on behalf of all others similarly situated as collective representative, by his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1. Defendant American National Construction, Inc. is a construction company that uses laborers to perform work on its customers' premises.

2. Plaintiff worked for American National Construction in a job titled "Assistant Superintendent" but his worked consisted predominantly of work as a Laborer.

3. Plaintiff brings this action on behalf of himself and similarly situated current and former Laborers who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid minimum wages and overtime.

4. Plaintiff often worked 9 to 14 hours per day, seven days a week most of the time.

On the rare occasion he worked 6 days per week. He worked often in extreme heat with no breaks. Plaintiff also lived on-site in a trailer for months at a time.

5. Plaintiff regularly worked in excess of 40 hours in a week.

6. Throughout the relevant period, it has been Defendants' policy to deprive Plaintiff and similarly situated Laborers of earned overtime wages. To avoid paying Laborers overtime premiums for hours they worked in excess of 40 in a workweek, Defendants paid the Plaintiff and Laborers a salary and no overtime.

7. Plaintiff seeks to compel Defendants to pay Plaintiff and a collective of similarly situated employees all the wages they earned.

8. By the conduct described in this Collective Action Complaint, Defendants violated the FLSA by failing to pay its employees proper overtime compensation. These violations arose out of Defendants' company-wide policies and their pattern or practice of violating wage and hour laws.

9. Plaintiff brings individual and representative claims to remedy these violations. They bring their FLSA claims as a collective action, on their own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b).

## THE PARTIES

### Plaintiff

**Edgar Barcenas**

10. Plaintiff Edgar Barcenas ("Barcenas") is an adult individual who resides in Harris County, Texas.

11. Barcenas written Consent to Join form, pursuant to the FLSA, 29 U.S.C. § 216(b),

is attached hereto as **Exhibit A**.

12. Barcenas was most recently employed by Defendants in Houston, Texas for eight years or from approximately 2011 to March 3rd of 2019.

13. Pursuant to Defendants' policy and pattern or practice, Barcenas regularly worked in excess of 40 hours in a workweek for Defendants' benefit without overtime compensation.

## Defendants

14. Upon information and belief, Defendants American National Construction, Inc, Jeffrey M. Shaw and Jack Shaw jointly and severally employed Plaintiff and similarly situated employees.

### American National Construction, Inc.

15. Defendant American National Construction, Inc. is a Texas foreign for-profit corporation with its principal office located at 13426 Grant Road, Cypress, Texas 77429, USA. Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 USA.

16. American National Construction, Inc. provides construction services.

17. American National Construction customers are primarily located in the Greater Houston Metropolitan Area and surrounding rural areas and include Galveston, Bryan Texas, Liberty Texas, among other locations.

18. Upon information and belief, American National Construction, Inc. is a covered employer within the meaning of the FLSA.

19. Upon information and belief, American National Construction Inc.'s annual gross volume of sales made, or business done is not less than $500,000.

20. American National Construction, Inc. did not pay Plaintiff and the other Laborers the minimum wage for all hours worked, including time spent attending required company

meetings and traveling between construction sites, and cleaning up client construction sites at the end of each day. The laborers would all work more than 40 hours per week, but American National Construction, Inc. would only pay them a salary equal to 40 hours no matter how much time they worked.

21. American National Construction did not pay Plaintiff and other Laborers any compensation for their hours worked in excess of 40 per workweek. American National Construction knew that it received a benefit from the labor of Plaintiff and similarly situated Laborers and should reasonably have expected to pay Plaintiff and the other Laborers for this benefit.

**Jeffrey M. Shaw and Jack Shaw**

22. Defendant Jeffrey M. Shaw is an adult individual who resides at 16418 Lobo Lane, Spring, Texas, 77379. Jeffrey M. Shaw is the President and a shareholder of American National Construction.

23. Defendant Jack Shaw is an adult individual who resides at 18752 Dalton Willis Drive, Montgomery, Texas, 77316. Jack Shaw is the Vice President and actual Super Intendent and Job Site Manager and a shareholder of American National Construction

24. Jeffrey M. Shaw And Jack Shaw have operational control over American National Construction and are involved in its operations on a day-to-day basis.

25. Jeffrey M. Shaw And Jack Shaw are and have been individuals acting directly or indirectly in the interests of Defendants for purposes of 29 U.S.C. § 203(d).

26. Together with American National Construction, Inc., Jeffrey M. Shaw and Jack Shaw jointly and severally employed Plaintiff and other Laborers.

27. Jeffrey M. Shaw and Jack Shaw oversaw American National Construction Inc.'s

operations and possesses ultimate authority over American National Construction Inc.'s affairs.

28. Defendants did not pay Plaintiff and other Laborers overtime for their hours worked in excess of 40 per workweek.

29. Defendants knew that they received a benefit from the labor of Plaintiff and similarly situated Laborers and should reasonably have expected to pay Plaintiff and the other Laborers for this benefit.

## JURISDICTION AND VENUE

30. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

31. In addition, the Court has jurisdiction over Plaintiff' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

32. The amount in controversy in this matter exceeds the sum or value of $75,000.00 exclusive of interest and costs.

33. Upon information and belief, Defendants are subject to personal jurisdiction in Texas.

34. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

35. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas, and Defendants are subject to personal jurisdiction in the Southern District of Texas.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff also brings FLSA claims, the First Cause of Action, on behalf of himself individually.

37. Plaintiff brings FLSA claims, the Second, Third, and Fourth Causes of Action, on behalf of themselves and all similarly situated persons:

> All individuals who have worked for Defendants American National Construction, Jeffrey M. Shaw and Jack Shaw at any time during a period of three years prior to the filing of this initial complaint and the date of final judgment in this matter in a non-supervisory capacity, who regularly worked as a Laborer.

38. All the work that Plaintiff, the General FLSA Collective, and the Laborer Travel Claims Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff, the General FLSA Collective, and Laborer Travel Claims Collective have performed.

39. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff, the General FLSA Collective, and the Laborer Travel Claims Collective. This policy and pattern or practice includes, but is not limited to:

   a. Willfully misclassifying Plaintiff, the General FLSA Collective, and the Laborer Travel Claims Collective as exempt from the overtime provisions of the FLSA;

   b. Willfully failing to pay Plaintiff, the General FLSA Collective, and the Laborer in Travel Claims Collective the minimum wage for all hours worked;

   c. Willfully failing to pay Plaintiff, the General FLSA Collective, and the Laborer Travel Claims Collective overtime for hours that they worked in excess of 40 hours per workweek; and

   d. Willfully failing to record all of the time that Plaintiff, the General FLSA Collective, and the Laborer and Travel Claims Collective have worked for the benefit of American National Construction.

40. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the General FLSA Collective [1] the minimum wage for all hours worked.

41. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the General FLSA Collective the minimum wage for all hours worked, including time spent attending required company meetings without pay.

42. Defendants are aware or should have been aware that federal law required them to pay the Laborer and Travel Claims Collective for time spent traveling from one construction site to another.

43. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the General FLSA Collective an overtime premium for hours worked in excess of 40 per workweek.

44. Defendants' conduct has been widespread, repeated, and consistent.

45. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the General FLSA Collective and the Laborer and Travel Claims Collective pursuant to 29 U.S.C. § 216(b).

## PLAINTIFFS' FACTUAL ALLEGATIONS

### Plaintiff Barcenas

46. Defendants employed Barcenas as a laborer and Assistant Super Intendent in 2011.

7

47. Barcenas and other laborers worked on Defendants' customers' premises.

48. As a laborer, Barcenas' primary job duties were to carry materials, paint, move equipment, excavate premises, install tubing, and clean up.

49. Barcenas' primary job duties as an Assistant Super Intendent were to bring materials in, operating equipment and machinery, unlock the facilities in the mornings, stay late to lock up the facilities in the evenings, and make sure all other laborers completed their tasks.

50. Barcenas could not recommend or have authority to hire or fire employees.

51. Barcenas did not supervise two or more employees.

52. Also, as Assistant Super Intendent, Barcenas stayed on the job sites overnight and slept in a trailer provided by American National Construction and provided security all night long. Defendants did not pay Barcenas for his overnight work hours.

53. Barcenas and the Laborers typically worked 50 to 60 hours a workweek without extra pay.

54. Pursuant to Defendants' policy and pattern or practice, Defendants classified Barcenas as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours, he worked for Defendants' benefit in excess of 40 hours per workweek.

55. Defendants failed to keep accurate records of Barcenas hours worked.

56. Plaintiff Barcenas did not have control over his assigned route of locations on which to provide construction company services and thus did not have control over the amount of wages that he made.

57. Defendants failed to pay Barcenas, and other Laborers overtime wages in the weeks in which Defendants did not meet the criteria of the applicable exemption.

58. Defendants failed to pay Barcenas, and other Laborers for travel time between job sites.

59. Defendants failed to pay Barcenas, and other Laborers for attending meetings.

60. As a result of Defendants failed to pay Barcenas, and other Laborers for travel time between job sites and meetings, they failed to pay minimum wage and overtime.

61. Plaintiff Barcenas is aware of other current and former employees of Defendants who were subject to these same wage-and-hour practices.

62. Upon information and belief, Defendants applied these payroll policies and practices company wide.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages and Overtime
### (Brought on behalf of Plaintiff individually)

63. Plaintiff, on behalf of himself individually reallege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendants have engaged in a practice of violating the FLSA, as detailed in this Collective Action Complain.

65. At all times relevant, Plaintiff was engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. Defendants were required to pay directly to Plaintiff the applicable minimum wage rates for all hours worked and overtime.

67. Defendants failed to pay Plaintiff the applicable minimum wage rates and overtime for all hours worked as an onsite watchman.

68. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

69. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the General FLSA Collective.

70. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71. As a result of Defendants' violations of the FLSA, Plaintiff, the General FLSA Collective, and the Laborer Preparation and Travel Claims Collective have suffered damages by being denied wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Wages for Meetings
### (Brought on behalf of Plaintiff and the General FLSA Collective)

72. Plaintiff, on behalf of himself and the General FLSA Collective reallege and incorporate by reference all allegations in all preceding paragraphs.

73. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

74. At all times relevant, Plaintiff and the General FLSA Collective were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75. Defendants were required to pay directly to Plaintiff and the General FLSA Collective the applicable minimum wage rates for all hours worked.

76. Defendants did not pay Plaintiff and the General FLSA Collective for their time attending mandatory meetings.

77. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

78. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the General FLSA Collective.

79. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80. As a result of Defendants' violations of the FLSA, Plaintiff, the General FLSA Collective, and the Laborer and Travel Claims Collective have suffered damages by being denied wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

### THIRD CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Wages for Travel Time
### (Brought on behalf of Plaintiff Barcenas and the Laborer Travel Claims Collective)

81. Plaintiff Barcenas, on behalf of himself and the Laborer Travel Claims Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants required Plaintiff Barcenas and Laborer Travel to travel between worksites without pay.

83. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

84. At all times relevant, Plaintiff Barcenas and the Laborer Travel Claims Collective were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

85. Defendants were required to pay directly to Plaintiff Barcenas and the Laborer and Travel Claims Collective the applicable minimum wage rates for all hours worked.

86. Defendants did not pay Plaintiff Barcenas and the Laborer Travel Claims Collective for their time spent traveling between construction sites.

87. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

88. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Barcenas and the Laborer Travel Claims Collective.

89. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90. As a result of Defendants' violations of the FLSA, Plaintiff Barcenas and the Laborer Travel Claims Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## FOURTH CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiff and the General FLSA Collective)**

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

93. All Laborers were paid a salary and no overtime.

94. At all times relevant, Plaintiff and the General FLSA Collective were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

95. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the General FLSA Collective.

96. At all times relevant, Plaintiff and the General FLSA Collective were or have been

employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

97. Defendants employed Plaintiff and the General FLSA Collective as employers within the meaning of the Fair Labor Standards Act ("FLSA"), 9 U.S.C. §§ 201, *et seq*. and 29 CFR § 791.2.

98. Defendants failed to pay Plaintiff and the General FLSA Collective the overtime wages to which they are entitled under the FLSA.

99. The class will be defined as:

> "All individuals who have worked for American National Construction, Inc. as a laborer within the last three years".

100. Defendants failed to keep accurate records of time worked by Plaintiff and the General FLSA Collective.

101. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

102. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the General FLSA Collective.

103. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

104. As a result of Defendants' violations of the FLSA, Plaintiff and the General FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## **FIFTH CAUSE OF ACTION**

### **Texas State Claim**

105. Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another." *H.E.B*, 369 S.W.3d at 507 (*citing Staats*, 243 S.W.2d at 687; *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.—Fort Worth 2005, no pet.); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ) (stating that cause of action for money had and received belongs conceptually to doctrine of unjust enrichment)).

106. To succeed in a claim for money had and received, it must be shown that the defendant holds money or its equivalent that, in equity and good conscience, belongs to the plaintiff. *Best Buy v. Barrera,* 248 S.W.3d 160, 162-163 (Tex. 2007) (per curiam); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.,* 358 S.W.3d 808, 813 (Tex. App.--Dallas 2012, no pet. h.). The cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which … belongs to the plaintiff." *H.E.B.,* 369 S.W.3d at 507.

107. Plaintiffs contend that, due to the failure to pay all overtime wages owed as described above, in addition to miscalculation of their regular rate of pay pursuant to improper chargebacks, Defendants are in possession of money that, in equity and good conscience, belongs to Plaintiffs who worked at Defendants' call center locations in Dallas and Fort Worth, Texas.

108. The Texas Class Representatives bring this action individually and on behalf of all persons who are or were employed at Defendants' Houston operation for three (3) years preceding the filing of the complaint through the order granting preliminary approval of settlement of this action. The Texas Class Representatives, on behalf of themselves and the putative class members, assert equitable claims based on Money Had and Received relative to overtime compensation they earned,

but which was improperly retained or recovered by Defendants. Should the Missouri Class, for any reason, fail to be certified, then the Texas Class Members also seek serve as the representatives relative to Texas State Law Claim of Money Had and Received for the individuals defined by Plaintiffs as being in the Missouri Class as management of the individuals in the Missouri Class was conducted by Defendants' managers in Dallas, Texas at all times relevant.

109.    The Texas State Law Claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

110.    On information and belief, the Texas State Law Claim Class exceeds 300 in number, and joinder is therefore impracticable. The precise number of Texas State Law Claim Class Members and their addresses are readily determinable from Defendants' records.

111.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendants' actions/omissions include, but are not limited to, the amount of overtime money, including overtime wages owed, if any, to the Texas State Law Class Members.

112.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the Texas State Law claims.

113.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

114.    The Texas Class Representatives are affected former employees of Defendants. They are, therefore, members of the class. The Texas Class Representatives are committed to pursuing this

action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, the Texas Class Representatives are adequate representatives of the class and have the same interests as all of the Texas State Law Claim Class Members. Further, The Texas Class Representatives' claims are typical of the claims of all members of the Texas State Law Class, and the Texas Class Representatives will fairly and adequately protect the interests of the absent members of the class. The Texas Class Representatives and their counsel do not have claims or interests that are adverse to the Texas State Law Class Members.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

115. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action and that Defendants provide Plaintiff with names, addresses, telephone numbers, and other contact information, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Defendants and who fall within the General FLSA Collective, Meeting time, and Laborer Travel Claims Collective described in this Collective Action Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

116. Unpaid wages, including the minimum wage and overtime wages.

117. An additional 100 percent as liquidated damages under the FLSA.

118. Designation of Plaintiff as Collective Representatives.

119. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law.

120. Appropriate equitable and injunctive relief to remedy Defendants' violations,

including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices.

121. Pre-Judgment and Post-Judgment interest, as provided by law.

122. Such other injunctive and equitable relief as the Court may deem just and proper.

123. Reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for similarly situated Laborers employed by Defendants and the risk they took in doing so.

124. All damages allowed for the Texas State Law Claims;

125. An order certifying that the Texas State Law Claims as Federal Rule of Civil Procedure 23 class action, designation of the Texas Class Representatives as the Class Representatives of that class, and designation of Tran Law Firm as Class Counsel for that class;

126. Reasonable attorney's/attorneys' fees; and

127. All other relief to which Plaintiff and the putative members are entitled.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all questions of fact raised by the Complaint.

    Respectfully submitted,

    TRAN LAW FIRM

    */s/Trang Q. Tran*
    Trang Q. Tran
    Federal I.D: 20361
    Texas Bar No. 00795787
    2537 South Gessner Road, Suite 104
    Houston, Texas 77063
    Tel: (713) 223 – 8855
    Fax: (713) 623 – 6399
    ttran@tranlawllp.com
    service@tranlawll.com

Nichole Nech
The Nech Law Firm
State Bar No. 24033816
800 Bering Drive, Suite 220
Houston, TX 77057
Telephone: (713) 936-9496
Facsimile: (888) 557-7257
Eservice@nechtriallaw.com

**ATTORNEYS FOR PLAINTIFF Individually and on behalf of similarly situated individuals.**